**CONCUR; and Opinion Filed July 16, 2018.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01472-CV

**SAMUEL AFLALO, Appellant**
**V.**
**DEVIN LAMAR HARRIS and MEGHAN THERESA HARRIS, Appellees**

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-00247**

# OPINION CONCURRING IN DENIAL OF REHEARING

Before Justices Francis, Evans, and Boatright
Opinion by Justice Boatright

I concur in the denial of rehearing because I agree with the judgment of our opinion. But I respectfully disagree with some of its reasoning and write separately to present my own.

Section 5.008 of the Property Code requires a seller of certain property to give a buyer notice of the property's condition. Subsection 5.008(d) requires the seller to execute and complete the notice to the best of the seller's belief and knowledge. Subsection (d) also provides that, if the information required by the notice is unknown to the seller, the seller would comply by indicating that fact on the notice. Subsections (a) and (b) provide that the seller can submit the model notice or a substantially similar one that contains, at a minimum, all the items in the model notice.

Statutory compliance, then, is the submission of an executed and completed notice, which could be either the model notice or a substantially similar one with, at minimum, the items in the model notice; compliance is not the disclosure of information prompted by the model notice.

Subsection 5.008(f) allows the buyer to terminate the contract for any reason if the seller does not submit the "required notice." Subsections (a), (b), and (d) show that a required notice would be either an executed and completed model notice or a substantially similar one with a minimum of all the items in the model notice. Therefore, subsection (f) would allow the buyer to terminate the sale contract if the seller failed to submit an executed and completed notice substantially similar to the model one and containing, at minimum, the items in the model notice.

In our case, appellant submitted such a notice, and he was statutorily required to complete it. The notice instructed him to attach form TAR-1414 if he had flood insurance. He indicated that he did have flood insurance, but he did not attach the form. Nor did he indicate that the form was unknown to him. Instead, he explained that the property was in a flood area and he had repaired the roof. He does not argue that he completed his notice, and there is nothing in section 5.008 and the record indicating he did. Consequently, appellees were allowed to terminate the sale contract.

Although the result is termination of a contract, the reason for the termination is based on statutory text, not contract law: under section 5.008, there is submission of a notice, not offer and acceptance; there may be submission of a notice different from the model notice, but not contract modification; and there can be statutory non-compliance, but not breach. The Legislature was free to decide that the rule of decision here is section 5.008, TEX. CIV. PRAC. & REM. CODE ANN. § 5.001 (West 2017), and we must read the law as written, TEX. CONST. art. II, § 1.

/Jason Boatright/
JASON BOATRIGHT
JUSTICE

161472HC.P05

–2–